IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BALTIMORE GAS AND ELECTRIC COMPANY *
110 West Fayette Street *
2 Center Plaza
Baltimore, Maryland 21201 *

Plaintiff *

v. * Civil Action No. ____________________

COASTLINE COMMERCIAL CONTRACTING, INC. *
700 East Shore Road *
Pasadena, Maryland 21122
*
Serve On:
Resident Agent *
Vincent Marks
369 Edgewater Road *
Pasadena, Maryland 21122
*
And
*
CANDICE M. BATEMAN
7746 West Shore Road *
Pasadena, Maryland 21122
*
And
*
RAYMOND C. BOSTIC
7746 West Shore Road *
Pasadena, Maryland 21122
*
Defendants
*

* * * * * * * * * * * * * *

**COMPLAINT**

Plaintiff Baltimore Gas and Electric Company ("BGE"), by and through its counsel, Louis Kozlakowski, Marc A. Campsen, Marie J. Ignozzi and Wright, Constable & Skeen, L.L.P., states the following for its Complaint:

**Parties**

1. Plaintiff BGE is a corporation organized under the laws of Maryland, with its principal place of business in Baltimore, Maryland. BGE is a public utility corporation engaged, among other things, in the supply and distribution of electric service to the general public in the State of Maryland.

2. Defendant Coastline Commercial Contracting, Inc. ("Coastline") is a corporation organized under the laws of Maryland, with its principal place of business in Anne Arundel County, Maryland.

3. Defendant Candice M. Bateman ("Bateman") is an individual who is a citizen of the State of Maryland and resides in Anne Arundel County, Maryland.

4. Defendant Raymond C. Bostic ("Bostic") is an individual who is a citizen of the State of Maryland and resides in Anne Arundel County, Maryland.

**Jurisdiction and Venue**

5. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333, and is a case of admiralty and maritime jurisdiction as hereinafter more fully appears. Supplemental jurisdiction is also proper under 28 U.S.C. § 1367.

6. The venue of this action is properly predicated on Title 28, Section 1391(b) of the United States Code.

**Statement Of Facts**

7. In or about 1986, BGE installed a submerged and buried electric cable under navigable waters of the United States off of Stoney Creek called Eli Cove in Pasadena, Maryland This feeder cable 7375 extended through BGE's easement from pole 220137 on West Shore Road underground across the property located at 7746 West Shore Road, Pasadena, Maryland 21122 ("Property") and under the navigable waters of Eli Cove to pole 132075 on Powhatan Beach Road on the west side of Eli Cove. The Property abuts Eli Cove.

8. Posted signage warned of the existence and location of BGE's submerged and buried electrical cable crossing. The submerged and buried electrical cable area is also identified on the relevant NOAA nautical chart.

9. On or about August 3, 2018, Bateman and Bostic purchased the Property, including riparian rights to build out into the waters of Eli Cove. Bateman and Bostic will collectively be referred to as the "Owners."

10. In or about March 2019, the Owners contracted with Coastline to extend an existing pier at the Property ("Project"). The Project required Coastline to excavate portions of the bottom of Eli Cove and to install new pilings to extend the existing pier.

11. The Owners failed to notify Miss Utility of the Project or to obtain proper ticketing. The Owners failed to otherwise notify BGE of the Project. Upon information and belief, the Owners failed to notify Coastline of BGE's easement, the BGE cable running under the Property or the submerged cable under the waters of Eli Cove in the vicinity of the pier.

12. Coastline failed to notify Miss Utility of its intended excavation or dredging in the vicinity of the pier and the submerged cable or to obtain the proper ticketing from Miss Utility prior to or during the Project.

13. Upon information and belief, Coastline used its vessel or work boat to tow or push a barge across navigable waters in Eli Cove to the location of the existing pier attached to the Property. The barge carried a large Hitachi Hi-Ho excavator to be used for necessary excavation or dredging for the Project and to drive pilings to extend the pier further into Eli Cove.

14. On March 25, 2019, during transport of the barge and pilings for the Project or as a result of its activities at the site of the Project, Coastline struck the BGE submerged and buried cable in Eli Cove causing damage and immediate loss to electrical service in the area.

15. BGE was required to repair the cable at a cost of $1,388,729.00.

**Count I – Negligence**
**(Coastline Commercial Contracting, Inc.)**

16. BGE incorporates and adopts by reference the facts alleged in paragraphs 1-15 as if fully restated herein.

17. Coastline had a duty to perform and complete the Project and vessel operations at all times with ordinary and reasonable care.

18. Coastline breached its duty to use ordinary and reasonable care by:

a. Failing to notify Miss Utility, obtain proper ticketing and fulfil its statutory duties pursuant to Md. Code Ann., Pub. Util. § 12-101 *et. seq.* regarding the Project;

b. Failing to notify BGE of the Project so that BGE would have been on notice of work in the area of the submerged cable and could have taken appropriate action;

c. Failing to observe signage warning of the existence and location of the submerged cable;

d. Failing to maintain, consult or comprehend the relevant nautical chart while operating on navigable waters of Eli Cove;

e. Failing to maintain a proper lookout by all available means appropriate in the prevailing circumstances and conditions while operating the vessel towing or pushing the barge;

f. Failing to operate the vessel towing or pushing the barge in a safe and seamanlike manner;

g. Failing to properly control the vessel towing or pushing the barge at all times;

h. Failing to be familiar with the principles of operating and navigating a vessel in a safe manner;

i. Failing to exercise ordinary prudent seamanship;

j. Failing to pay full time and attention to completion of the Project and vessel operations;

k. Failing to operate the vessel towing or pushing the barge in accordance with all applicable state, federal and local laws, statutes and regulations; and

l. Being otherwise careless, negligent and/or reckless in the completion of the Project and vessel operations.

19. Coastline's negligence proximately caused the damage to the submerged and buried cable and BGE's resulting damages.

WHEREFORE, Plaintiff Baltimore Gas and Electric Company demands a money judgment against Defendant Coastline Commercial Contracting, Inc., solely or jointly and severally with Defendant Owners, in an amount covering its losses incurred in repairing the electrical cable plus costs, fees, prejudgment interest and all other appropriate relief.

**<u>Count II – Negligence</u>**
**(Candice M. Bateman and Raymond C. Bostic)**

20. BGE incorporates and adopts by reference the facts alleged in paragraphs 1-19 as if fully restated herein.

21. The Owners knew or should have known of the location of the underground cable running through BGE's easement across the Property and the submerged cable running under Eli Cove in the area of the Project.

22. The Owners had a statutory duty to notify Miss Utility, to obtain proper ticketing and to fulfil their obligations pursuant to Md. Code Ann., Pub. Util. § 12-101 *et. seq*. regarding the Project.

23. The Owners had a duty to notify BGE of the Project so that BGE would have been on notice of work in the area of the submerged cable and could have taken appropriate preventative action.

24. The Owners had a duty to notify Coastline of the BGE cable running under the Property and the submerged cable under the waters of Eli Cove in the vicinity of the pier.

25. The Owners breached their duties by failing to notify Miss Utility of the Project, by failing to obtain the proper ticketing, by failing to notify BGE of the Project and by failing to notify Coastline of BGE's underground cable on the Property and the submerged cable under Eli Cove.

26. The Owners' negligence proximately caused the damage to the submerged cable and BGE's resulting damages.

WHEREFORE, Plaintiff Baltimore Gas and Electric Company demands a money judgment against Defendants Candice M. Bateman and Raymond C. Bostic, solely or jointly and severally with Coastline Commercial Contracting, Inc., in an amount covering its losses incurred in repairing the electrical cable plus costs, fees, prejudgment interest and all other appropriate relief.

Respectfully submitted,

*/s/ Marc A. Campsen*

Louis J. Kozlakowski, Jr. (Bar #02372)
Marc A. Campsen (Bar #29791)
Marie J. Ignozzi (Bar #29762)
Wright, Constable & Skeen, LLP
7 Saint Paul Street, 18th Floor
Baltimore, MD 21202
Phone: (410) 659-1300
Fax: (410) 659-1350
lkozlakowski@wcslaw.com
mcampsen@wcslaw.com
mignozzi@wcslaw.com