**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| BALTIMORE GAS AND ELECTRIC COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COASTLINE COMMERCIAL CONTRACTING, INC., *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 22-cv-00696-LKG<br><br>Dated:  July 11, 2023 |

**MEMORANDUM OPINION AND ORDER**

I.    **INTRODUCTION**

Plaintiff, Baltimore Gas and Electric Company's ("BGE"), brings this admiralty tort action against Defendants, Coastline Commercial Contracting, Inc. ("Coastline"), Candice M. Bateman and Raymond C. Bostic (collectively, the "Owners"), alleging that Defendants breached their duty of care in connection with certain damage to an electrical cable that BGE submerged and buried in Eli Cove.  *See generally* ECF No. 1.  Defendants have moved to dismiss this matter for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1).  ECF No. 12.  The motions are fully briefed.  ECF Nos. 1; 12; 22; 26; 28; 31; 36; 37.  No hearing is necessary to resolve the motions.  *See* L.R. 105.6 (D. Md. 2021).  For the reasons that follow, the Court (1) **GRANTS** the Owners' motion to dismiss; (2) **GRANTS** Coastline's motion to dismiss; and (2) **DISMISSES** the complaint.

1

## II.    FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.    Factual Background

This admiralty tort dispute arises from an incident involving damage to an electrical cable that BGE submerged and buried under the waters of Eli Cove, resulting in the loss of electrical service.  ECF No. 1 at ¶ 14.  In the complaint, BGE asserts negligence claims against Coastline and the Owners in connection with this incident.  *Id*. at ¶ 19.

Plaintiff, BGE, is a public utility company that is a corporation organized under Maryland law and has its principal place of business in Anne Arundel County, Maryland.  *Id*. at ¶ 1.

Defendant Coastline is a Maryland corporation with its principal place of business in Anne Arundel County, Maryland.  *Id*. at ¶ 2.  Defendants Candice M. Bateman and Raymond C. Bostic are citizens of Maryland who own property located at 7746 West Shore Road, Pasadena, Maryland and hold riparian rights to build out into the adjacent waters of Eli Cove.  *Id*. at ¶¶ 3-4.

<u>Eli Cove</u>

As background, Eli Cove is a part of the tidal waters of the Chesapeake Bay.  ECF No. 22-2 at 1-2.  Eli Cove flows into Stoney Creek, which is located in Pasadena, Maryland.  ECF No. 22 at 3.  Stoney Creek in turn flows into the Patapsco River and Chesapeake Bay.  *Id*.

The Stoney Creek Drawbridge and Stoney Creek Bridge Marina lay at the entrance to Stoney Creek.  *Id*. at 3.  Dena Marina is located where Stoney Creek meets Eli Cove, and this marina includes boat slips and a large concrete boat ramp that leads into Stoney Creek.  *Id*. at 4.

<u>BGE's Submerged Electrical Cable</u>

In July 1986, BGE sought to lay a submerged and buried cable in Eli Cove and the company applied for a Department of the Army permit to do so.  *Id*.  In September 1986, the Department of the Army granted and issued a Department of the Army permit to BGE to perform work in Eli Cove.  *Id*. at 5.  The Army's permit provides, in relevant part, that:

---

[1] The facts recited in this memorandum opinion and order are taken from the complaint, Defendants' motion to dismiss and the memorandum in support thereof, Plaintiff's response in opposition thereto, and Defendants' reply brief.  *See generally* ECF Nos. 1; 12; 22; 26; 28; 31; 36; 37.

> The Department of the Army permit program is authorized by Section 10 of the River and Harbor Act of 1899, Section 404 of the Clean Water Act and Section 13 of the Marine, Protection, Research and Sanctuaries Act. These laws require permits authorizing activities in or affecting navigable waters of the United States and the transportation of dredged material for the purpose of dumping into ocean waters.

*Id.*

In November 1986, BGE installed a submerged and buried electrical cable under the waters of Eli Cove.  ECF No. 1 at ¶ 7.  This feeder cable extended through BGE's easement and under the waters of Eli Cove.  *Id.*

On August 3, 2018, Candice Bateman and Raymond Bostic purchased the property located at 7746 West Shore Road, Pasadena, Maryland (the "Property"), including the riparian rights to build into the waters of Eli Cove.  *Id.* at ¶ 9.  In March 2019, the Owners contracted with Coastline to extend an existing pier at the Property into Eli Cove.  *Id.* at ¶ 10.  This project required that Coastline excavate portions of the bottom of Eli Cove and install new pilings to extend the existing pier.  *Id.*

BGE alleges that, on March 25, 2019, Coastline struck its submerged and buried cable in Eli Cove during a transport of the barge and pilings for this project, causing damage to the cable and immediate loss to electrical services in the area.  *Id.* at 4.  BGE also alleges that, prior to this incident, the Owners failed to, among other things: (1) notify BGE of the project and (2) notify Coastline of BGE's easement, BGE's cable running under the Property, or the submerged cable under the waters of Eli Cove in the vicinity of the pier.  *Id.* at ¶ 11.  In addition, BGE alleges that Coastline failed to notify Miss Utility of its intended excavation or dredging in the vicinity of the pier and the submerged cable, or to obtain the proper ticketing from Miss Utility prior to, or during, the project.  *Id.* at 4-5.

BGE contends that it was required to repair its electrical cable at a cost of $1,388,729.00.  *Id.* at ¶ 15.  And so, BGE seeks, among other things, to recover monetary damages from Defendants to cover the losses that it incurred in repairing the electrical cable.  *Id.* at Prayer for Relief.

3

### B.  Procedural Background

BGE commenced this admiralty tort action on March 22, 2022.  ECF No. 1.  On April 25, 2022, the Owners filed a motion to dismiss, pursuant to Fed. R. Civ P. 12(b)(1).  ECF No. 12.

On May 24, 2022, BGE filed a response in opposition to the Owners' motion to dismiss.  ECF No. 22.  On June 7, 2022, the Owners filed a reply brief.  ECF No. 26.

On June 20, 2022, Coastline filed a motion to dismiss pursuant, to Fed. R. Civ P. 12(b)(1).  ECF No. 28.  On July 15, 2022, BGE filed a response in opposition to Coastline's motion to dismiss.  ECF No. 31.  On July 28, 2022, Coastline filed a reply brief.  ECF No. 32.

On February 3, 2023, BGE filed a supplemental response in opposition to Coastline's motion to dismiss.  ECF No. 36.  On February 13, 2023, Coastline filed a supplemental reply brief.  ECF No. 37.

These matters having been fully briefed, the Court resolves the pending motions to dismiss.

### III.    LEGAL STANDARDS

### A.  Fed. R. Civ. P. 12(b)(1) And Admiralty Jurisdiction

A motion to dismiss for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), is a challenge to the Court's "competence or authority to hear the case."  *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).  The United States Supreme Court has explained that subject-matter jurisdiction is a "threshold matter" that is "inflexible and without exception."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1995) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).  And so, an objection that the Court lacks subject-matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, 126 S. Ct. 1235, 1240, 163 L. Ed. 2d 1097 (2006).

The United States Court of Appeals for the Fourth Circuit has also explained that a plaintiff bears the burden of establishing that subject-matter jurisdiction exists.  *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).  Given this, the Court "regard[s] the pleadings as mere evidence on the issue[] and may consider evidence outside the pleadings

without converting the proceeding to one for summary judgment," when deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).  *Id.* (citation omitted).  And so, if the Plaintiff "fails to allege facts upon which the court may base jurisdiction," then the Court should grant a motion to dismiss for lack of subject-matter jurisdiction.  *Davis*, 367 F. Supp. 2d at 799.

Relevant to the pending motions to dismiss, Article III, § 2 of the Constitution extends "judicial power[s] . . . to all [c]ases of admiralty and maritime Jurisdiction . . . ."  U.S. Const. art. III, § 2, cl. 1; *see Mayor & City Council of Baltimore v. BP P.L.C.*, 31 F.4th 178, 225 (4th Cir. 2022).  Congress has also vested power in district courts to have "original jurisdiction" in "[a]ny civil case of admiralty or maritime jurisdiction."  28 U.S.C. § 1333; *see Mayor & City Council of Baltimore*, 31 F. 4th at 225.  In this regard, the Fourth Circuit has held that admiralty jurisdiction over maritime torts depends upon the locus of the tort on navigable waters and the tort's nexus with traditional maritime activity.  *Price v. Price*, 929 F.2d 131, 133 (4ᵗʰ Cir. 1991).  And so, to successfully invoke admiralty jurisdiction over a tort claim, a plaintiff must satisfy two conditions: (1) a location test and (2) a connection test.  *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 115 S. Ct. 1043, 1045, 130 L. Ed. 2d 1024 (1995); *see also Id.* at 226.

"To satisfy the location test, a tort must either occur on navigable waters, or, if suffered on land, at least be caused by a vessel on navigable water."  *Mayor & City Council of Baltimore*, 31 F.4th at 226 (internal quotation marks omitted).  In this regard, the Fourth Circuit has held that:

> We have judged navigability based on a waterway's capability to bear commercial navigation.  Waters are navigable "when they are used to, or susceptible of being used, in their ordinary condition, as highways for commerce, over which trade and travel are or may be conducted in the customary modes of trade and travel on water."

*Mullinex v. United States,* 984 F.2d 101, 104 (4ᵗʰ Cir. 1993) (quoting *The Daniel Ball,* 77 U.S. (10 Wall) 557, 563, 19 L.Ed. 999 (1970); *see Price v. Price*, 929 F.2d 131, 134 (4ᵗʰ Cir. 1991).  The Fourth Circuit has also held that:

> [T]o come within the regulatory power of Congress, [a] stream must be susceptible in its natural condition of becoming a highway of interstate or foreign commerce, *i.e.*, it must be of such a nature and so situated that there is at least a practical possibility of it being used as a highway for such commerce . . .

*United States v. Doughton*, 62 F.2d.  936, 939 (4th Cir. 1933).

Lastly, when determining whether the connection test for admiralty jurisdiction is satisfied, the Court must decide whether the general features of the type of incident involved have a potentially disruptive impact on maritime commerce.  *Grubart*, 513 U.S. at 534.  If so, the Court must also determine "whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity."  *Id.*

## IV.   LEGAL ANALYSIS

In their motions to dismiss, Defendants argue that the Court does not possess subject-matter jurisdiction to entertain this admiralty tort matter, because BGE cannot establish that Eli Cove is a navigable water of the United States, or that the incident at issue in this case has a nexus with traditional maritime activity.  *See generally*, ECF Nos. 12; 28; 37.  In this regard, Defendants argue that Eli Cove is not a navigable water of the United States, because the cove is not capable of conducting trade and travel on water in a customary manner.  *Id.*  Defendants also argue that the incident at issue in this case has no connection with maritime activity, because the only damage that occurred when Coastline's barge allegedly struck BGE's cable was damage to the cable.  ECF No. 12 at 3; ECF No. 28 at 5-6.  And so, the Defendants argue that the Court does not possess jurisdiction to consider this admiralty dispute.  *Id.*

BGE counters that dismissal of this matter is not warranted, because: (1) Eli Cove is a navigable water of the United States and (2) the incident at issue in this case has a connection with maritime activity, because it involved Coastline's vessel pushing a barge in Eli Cove.  ECF Nos. 22; 31.  And so, BGE requests that the Court deny Defendants' motions to dismiss.

For the reasons set forth below, the factual record before the Court neither establishes that Eli Cove is a navigable water of the United States, nor that the incident that resulted in the damage to BGE's cable has a connection to maritime activity.  And so, the Court (1) **GRANTS** the Owners' motion to dismiss; (2) **GRANTS** Coastline's motion to dismiss and (3) **DISMISSES** the complaint for lack of subject-matter jurisdiction.

**A.      BGE Has Not Shown That Eli Cove**
**Is A Navigable Water Of The United States**

As an initial matter, the factual record before the Court does not establish that Eli Cove is a navigable water of the United States to establish subject-matter jurisdiction in this case.  To establish admiralty jurisdiction over its tort claims, BGE must satisfy two conditions: (1) a location test and (2) a connection test.  *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 115 S. Ct. 1043, 1045, 130 L. Ed. 2d 1024 (1995).

To satisfy the location test, BGE must show that the alleged tort at issue in this case occurred either on navigable waters, or, if suffered on land, at least be caused by a vessel on navigable water.  *Mayor & City Council of Baltimore*, 31 F.4th at 226 (internal quotation marks omitted).  In this regard, the Fourth Circuit has explained that navigability is:

> [B]ased on a waterway's capability to bear commercial navigation.  [And so,] [w]aters are navigable when they are used to, or susceptible of being used, in their ordinary condition, as highways for commerce, over which trade and travel are or may be conducted in the customary modes of trade and travel on water.

*Mullinex v. United States*, 984 F.2d 101, 104 (4th Cir. 1993) (quoting *The Daniel Ball*, 77 U.S. (10 Wall) 557, 563, 19 L.Ed. 999 (1970); *see also Price v. Price*, 929 F.2d 131, 134 (4th Cir. 1991).

In this case, the undisputed evidence shows that Eli Cove is not a navigable water of the United Sates for several reasons.  First, the facts before the Court show that Eli Cove is a separate body of water that is distinct from Stoney Creek.  It is undisputed that Eli Cove is a part of the tidal waters of the Chesapeake Bay and that Eli Cove flows into Stoney Creek, which is located in Pasadena, Maryland.  ECF No. 22 at 3.  It is also undisputed that Stoney Creek, in turn, flows into the Patapsco River and Chesapeake Bay.  *Id.*  But, as the map of Eli Cove makes clear, Eli Cove is a distinct body of water that abuts several residential properties located in Pasadena, Maryland.  ECF No. 22-5 at 1.  And so, the cove allows for water access from these residential properties to Stoney Creek, but it is not part of Stoney Creek.  *Id.*

Second, BGE has not identified any facts to show that Eli Cove is used, or susceptible of being used, as a highway for commerce.  In this regard, BGE argues that Eli Cove can be used for commercial navigation, because the cove is located in close proximity to the Stoney Creek Drawbridge, the Stoney Creek Bridge Marina, the Lombardee Community Beach/Boat Launch

and the Dena Marina.  ECF No. 22 at 6.  But, the facts before the Court make clear that the Stoney Creek Drawbridge and Stoney Creek Bridge Marina are located on Stoney Creek, rather than Eli Cove.  ECF No. 26 at 1.  The facts before the Court also make clear that the Dena Marina—which has boat slips and a large concrete boat ramp that leads into Stoney Creek—and Lombardee Community Beach/Boat Launch, are similarly located on Stoney Creek.  *Id*.  And so, while these facts show that Stoney Creek can be, and is in fact, used for commercial purposes, this evidence does not show that Eli Cove can be used as a highway for commerce.

Again, as discussed above, the facts before the Court make clear that Eli Cove is a body of water that abuts several residential properties located in Pasadena, Maryland and that the primary purpose of the cove is to provide access to the water from these residences.

In addition, Defendants represent, and BGE does not dispute, that the depth of Eli Cove is not more than five feet.  ECF Nos. 12; 28.  And so, the facts before the Court indicate that Eli Cove is not of a sufficient depth to accommodate commercial navigation.

Given these facts, the evidence before the Court simply does not show that Eli Cove can accommodate commercial navigation, or is susceptible of being used as a highway for commerce.  ECF Nos. 12; 28.  *See Doughton*, 62 F.2d 938 (4th Cir. 1933) (noting that "navigable waters of the United States . . . has reference to commerce of a substantial and permanent character to be conducted thereon").[2]

BGE's argument that Eli Cove is a navigable water of the United States, because the Army's permit for its cable states that the permit has been issued pursuant to certain federal laws "authorizing activities in or affecting navigable waters of the United States," is also unpersuasive.  The Court agrees with BGE that the Court may consider the language in the Army's permit when assessing whether Eli Cove is a navigable water of the United States.  But, the language in this permit is not dispositive of this question.  *See Rapanos v. United States*, 547 U.S. 715, 737 (2006) (holding that governmental agencies, including the Army Corps of

---

[2] The United States Court of Appeals for the Fourth Circuit further held that if Plaintiff's proposition was correct that a water is navigable due to its association with other waters that are regarded as navigable, "then there is scarcely a creek or stream in the entire country which is not a navigable water of the United States.  *Id*.

Engineers, may provide guidance into interpreting whether various bodies of water are navigable, but ultimately, that determination is reserved by the Court).

BGE's reliance upon NOAA's map of Eli Cove is similarly not dispositive of the question of whether Eli Cove is a navigable water of the United States for purposes of this Court's admiralty jurisdiction.  As discussed above, the Fourth Circuit has explained that navigability for the purposes of the Court's admiralty jurisdiction is:

> [B]ased on a waterway's capability to bear commercial navigation.  [And so,] [w]aters are navigable when they are used to, or susceptible of being used, in their ordinary condition, as highways for commerce, over which trade and travel are or may be conducted in the customary modes of trade and travel on water.

*Mullinex*, 984 F.2d 1 at 104.  Because BGE advances no facts show that Eli Cove, as opposed to Stoney Creek, is used to, or susceptible of being used, in their ordinary condition as highways for commerce, the Court must conclude that Eli Cove is not a navigable water of the United States. For this reason, the Court DISMISSES this admiralty matter for lack of subject-matter jurisdiction.

**B.      BGE Has Not Shown That The Alleged Tort Has A Nexus To Maritime Commerce**

The Court also observes that, even if BGE could establish that Eli Cove satisfies the location test for establishing admiralty jurisdiction, BGE also fails to show that the incident at issue in this case had the potential to disrupt maritime commerce and had a substantial relationship to traditional maritime activity.  *See Grubart*, 513 U.S. at 534 (holding that in determining whether this connection test is satisfied, this Court must decide "whether the general features of the type of incident involved have a potentially disruptive impact on maritime commerce.").

BGE argues that the connection test is met here, because the alleged tort in this case involves a barge damaging a submerged cable and the potential maritime disruptions arising from damaged submerged cables caused by a commercial vessel pushing a barge are well recognized.  ECF No. 31 at 6.  In this regard, BGE hypothesizes that, if Coastline's barge had experienced an emergency, the United States Coastguard and other commercial rescue vehicles would have had to go to Eli Cove *via* the Patapsco River and Stoney Creek to render aid, thereby, creating a potentially disruptive impact on maritime activity.  ECF No. 31 at 6.

But, BGE points to no case law to show that the mere presence of a barge on a body of water constitutes traditional maritime activity. *See generally*, ECF Nos. 1; 22; 31. The facts of this case also make clear that Coastline's barge was present on Eli Cove solely to extend an existing pier at a private residence. *Id.* at ¶ 10. Given these facts, BGE has not met its burden to show that the incident resulting in the damage to its cable had a potentially disruptive impact on maritime commerce, or that this incident had a substantial relationship to maritime activity. And so, for this independent reason, the Court must also DISMISS the complaint for lack of subject-matter jurisdiction.

## V.   CONCLUSION

In sum, the factual record before the Court neither establishes that Eli Cove is a navigable water of the United States, nor that the incident that resulted in the damage to BGE's cable has a connection to maritime activity.

And so, for the foregoing reasons, the Court:

(1) **GRANTS** the Owners' motion to dismiss (ECF No. 12);

(2) **GRANTS** Coastline's motion to dismiss (ECF No. 28); and

(3) **DISMISSES** the complaint.

A separate Order shall issue

**IT IS SO ORDERED.**


s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge